IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT MORRIS,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**DR. MEYERS,**<br><br>　　　　**Defendants.** | Case No. 23-cv-3301-RJD |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

　　Plaintiff Robert Morris, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. On October 6, 2023, this case was severed from *Morris v. Jeffreys, et al.*, Case No. 23-cv-1162-GCS and includes the claim in Count 5:

> Count 5:　Eighth Amendment deliberate indifference claim against Defendant Dr. Meyers for refusing medical treatment or ignoring Plaintiff's claims of chest pain and intermittent consciousness during a hunger/water strike on March 31, 2022.

(Doc. 1, p. 2).

　　On November 20, 2023, Morris filed a notice (Doc. 13) with the Court indicating his intention to proceed with the claim in this case.

1

Thus, this case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1]  Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Morris makes the following allegations: On March 28, 2022, Morris declared a hunger and water strike and he was moved to crisis watch (Doc. 2, p. 17). Morris alleges he was also suffering from mental health issues at the time (*Id*.). On March 31, 2022, Morris began experiencing chest pains and intermittent consciousness (*Id*.). Dr. Meyers was alerted and made aware of Morris's conditions, but Dr. Meyers refused to place Morris in observation or order an E.K.G. (*Id*. at p. 18).

## Discussion

Based on the allegations in the Complaint, the Court redesignates Count 5 as Count 1:

> **Count 1:** **Eighth Amendment deliberate indifference claim against Defendant Dr. Meyers for refusing medical treatment or ignoring Plaintiff's claims of chest pain and intermittent**

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford Health Sources, Inc., to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these two entities. Because Plaintiff has submitted a consent form, his motion to compel (Doc. 7) seeking a consent form is **DENIED as moot**.

    **consciousness during a hunger/water strike on March 31, 2022.**

  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

  Simply put, Morris fails to state a claim against Dr. Meyers. Morris alleges that he started experiencing chest pains during his hunger and water strike and that Dr. Meyers was "alerted" and either knew or should have known that Morris was having chest pains (Doc. 2, p. 18). But there is no indication in the Complaint or the attached medical records that Dr. Meyers knew about Morris's condition and/or acted with deliberate indifference. *See Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999) (stating that the relevant inquiry is whether defendants "actually knew about [Plaintiff's] condition, not whether a reasonable official should have known"). The medical records do not indicate that Morris complained of chest pains on March 31, 2022 (Doc. 2, pp. 86-88). Instead, the medical records indicate that Morris was uncooperative and responded in whispers (*Id*. at p. 88). Although the notes indicate that the nurse telephoned Dr. Meyers about Morris's current state, nothing in the medical records indicate that Dr. Meyers was made aware of chest

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

pains (*Id*. at p. 87).³ Nor has Morris alleged that he spoke to Dr. Meyers or informed him of his condition. Thus, Morris fails to state a claim against Dr. Meyers.

## Disposition

For the reasons stated above, the Complaint is **DISMISSED without prejudice**. Morris will have an opportunity to file a First Amended Complaint if he wishes to pursue his claims. If he chooses to do so, Morris must comply with the instructions and deadlines set forth below.

Morris is **GRANTED** leave to file a "First Amended Complaint" on or before **January 19, 2024**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such a dismissal could count as one of Morris's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, if Morris chooses to file an amended pleading, the First Amended

---

³ The medical records do indicate that Morris complained of chest pains on April 4, 2022 (Doc. 2, p. 97) but there is no indication in the records that Dr. Meyers was made aware of Morris's complaints (*Id*. at pp. 97-100).

4

Complaint must stand on its own, without reference to any previous pleading, and Morris must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. To aid Morris in drafting his First Amended Complaint, the Clerk of Court is **DIRECTED** to send Morris a Section 1983 Complaint form.

Morris is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Morris is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/20/2023**

*/s/ Reona J. Daly*
REONA J. DALY
U.S. Magistrate Judge