IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT MORRIS,

       Plaintiff,

v.

DR. MEYERS,

       Defendant.

Case No. 23-cv-3301-RJD

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Robert Morris, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Morris's original Complaint, which was severed from *Morris v. Jeffreys, et al.*, Case No. 23-cv-1162-GCS, included a single Eighth Amendment claim against Dr. Meyers for refusing Morris medical treatment (Docs. 1, 2). The Complaint was dismissed without prejudice for failure to statement a claim and Morris was granted leave to file an Amended Complaint (Doc. 15).

On January 18, 2024, Morris filed a motion for extension of time (Doc. 16) seeking an additional 21 days to file his Amended Complaint. He stated he had only just received a Section 1983 Complaint form and lacked enough time to properly transcribe his pleading. But that same day, Morris also filed a First Amended Complaint on a Section

1

1983 Complaint form (Doc. 17). To the extent that he sought additional time to file his amended pleading, that motion (Doc. 16) is now **DENIED as moot**.

Morris's First Amended Complaint (Doc. 17) again seeks to allege a deliberate indifference claim against Dr. Meyers for the treatment of Morris's chest pain.

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The First Amended Complaint

In his First Amended Complaint, Morris makes the following allegations: Morris alleges on March 28, 2022, he suffered a mental health episode and requested crisis watch because he felt suicidal (Doc. 17, p. 11).[1] He was examined by a nurse Rachel and placed on crisis watch. Morris maintains that his placement on crisis watch designated him a seriously mentally ill inmate (*Id*.). On crisis watch, Morris declared a hunger and water strike because he believed that staff were neglecting his mental health issues (*Id*.).

---

[1] Although Morris's statement of claim alleges that his mental health episode and subsequent episode of chest pains occurred in 2023, all of the attached documents (including Morris's affidavit and grievances) indicate that the medical event took place in March-April 2022 (Doc. 17, pp. 14-28).

2

On March 31, 2022, Morris started experiencing chest pains and intermittent consciousness (*Id*.). He notified a crisis watch officer who notified a nurse (*Id*.). Morris alleges that he whispered to the nurse that he was experiencing chest pains and needed closer observation because his cell was not "*Rasho*" compliant (*Id*.). He also told her that he believed Dr. Meyers should be notified of his condition (*Id*.). Despite the nurse documenting his condition, Morris remained in the crisis cell. On April 4, 2022 he received an E.K.G. (*Id*.).

## Discussion

Simply put, Morris again fails to state a claim for deliberate indifference against Dr. Meyers. Although he alleges that he informed the nurse of his chest pains and requested that Dr. Meyers be informed of his condition, there are no allegations to suggest that Dr. Meyers was made aware of Morris's condition. *See Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999) (stating that the relevant inquiry is whether defendants "actually knew about [Plaintiff's] condition, not whether a reasonable official should have known"). In an attached affidavit, Morris states that he was denied closer observation by staff "per Dr. Meyers" (Doc. 17, p. 14). But neither his Amended Complaint nor his attached affidavit suggest that Dr. Meyers gave any orders regarding Morris's care nor was aware of his need for care. Further, Morris acknowledges that he received an E.K.G. on April 4, 2022, suggesting that medical staff were not deliberately indifferent to his need for medical care. *See Giles v. Godinez*, 914 F.3d 1040, 1049 (7th Cir. 2019) (Plaintiff must show that an "official was deliberately, that is subjectively, indifferent" which is something that is "akin to recklessness."). Thus, Morris again fails to state a claim against Dr. Meyers.

Dr. Meyers is the only individual identified in the caption of Morris's First Amendment Complaint. Morris mentions a Nurse Kiosha who examined him on March 31, 2022, but she is not identified as a defendant in the case caption. *See Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption"). Nor are there any allegations suggesting that she acted with deliberate indifference. Morris also mentions that he is considered a seriously mentally ill inmate under *Rasho* and that officials at Menard violated *Rasho* in numerous ways. The Court presumes that Morris is referring to the settlement agreement terms from the class action lawsuit *Rasho v. Walker*, Case No. 07-cv-1298-MMM (C.D. Ill). But to the extent that he seeks to enforce those settlement terms or believes that Menard is not upholding the terms of the settlement agreement, he would need to seek relief through the terms of that settlement agreement. *See Rasho*, No. 07-cv-1298-MMM, 2018 WL 2392847 at *6 (C.D. Ill., May 25, 2018) (stating that the "Settlement Agreement allows for the Plaintiffs to seek relief from this Court if there is a dispute as to whether or not the Defendants are in substantial compliance"). He cannot pursue a claim for the enforcement of the *Rasho* agreement in this case, nor does a violation of the *Rasho* agreement necessarily amount to a constitutional violation. Morris simply fails to state a violation of the Eighth Amendment as it relates to his medical care.

This is Morris's second attempt to state a viable Eighth Amendment deliberate indifference claim and he has been unable to do so. The Court finds that a further amendment would be futile. His First Amended Complaint is, thus, **DISMISSED with**

**prejudice**. Morris's motion for discovery (Doc. 18), seeking the production of documents Morris alleges have been confiscated by prison officials, is **DENIED as moot**.

## Disposition

For the reasons stated above, Morris's First Amended Complaint is **DISMISSED with prejudice** for failure to state a claim. The dismissal counts as one of Morris's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Morris is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Morris wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Morris does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Morris may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 3/26/2024**

_/s/ Reona J. Daly_
**REONA J. DALY**
**U.S. Magistrate Judge**